990 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re STEAD INDUSTRIES, INC., a Nevada corporation, dba Hoyt
Heater Company, Debtor-Appellee.
Stephen LANNES, Creditor-Appellant,
v.
UNSECURED CREDITORS' COMMITTEE; American Appliance MFG
Corp., a California corporation, et al Defendants-Appellees.
 No. 92-15363.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1993.*
Decided March 29, 1993.
 
 Before NORRIS, HALL and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stephen Lannes appeals the district court's order approving a compromise of an antitrust cause of action owned by the Debtor. We AFFIRM.
 
 BACKGROUND FACTS
 
 3
 Stead Industries, Inc. dba Hoyt Heater Company (Debtor) filed a petition for reorganization under Chapter 11 of the Bankruptcy Code. Among the assets of the estate were claims for damages arising from the anticompetitive conduct of State Industries, Inc. (State) and American Appliance Mfg. Corp. (American).
 
 
 4
 In February 1991, the bankruptcy court approved a compromise of the claim against State. Debtor represented that confidential documents had been made available which indicated that State had a good defense to Debtor's claim, but Debtor had a stronger case against American. It was also represented that the $250,000 in settlement proceeds could be used to fund litigation against American.
 
 
 5
 Debtor's action against American was withdrawn to the district court. In May 1991, Debtor settled with American for $250,000 and withdrawal of American's $50,000 priority claim. The district court approved the compromise over the objection of Stephen Lannes, administrative claimant, unsecured creditor and equity security holder of Debtor.
 
 DISCUSSION
 
 6
 I. Jurisdiction.
 
 
 7
 Lannes first claims that the district court did not have jurisdiction over the motion to approve the compromise. The district court has original jurisdiction over bankruptcy matters and may withdraw, on motion or sua sponte, a bankruptcy proceeding in whole or in part. 28 U.S.C. § 157(d); see Mission Indians v. American Management & Amusement, Inc., 840 F.2d 1394, 1399 (9th Cir.1987). Here, the district court withdrew the adversary proceeding and everything associated with the resolution of that proceeding, whether by trial, compromise, or formal settlement. Even if withdrawal of the adversary proceeding did not include withdrawal of the approval of any compromise of that proceeding, the district court sua sponte withdrew the motion to compromise at the beginning of the hearing when jurisdiction was questioned.
 
 
 8
 II. Approval of the Compromise.
 
 
 9
 The burden of persuasion rests on the proponent of the compromise to demonstrate that the compromise is fair and equitable. Martin v. Kane (In re A & C Properties), 784 F.2d 1377, 1381 (9th Cir.), cert. denied, 479 U.S. 854, 107 S.Ct. 189, 93 L.Ed.2d 122 (1986). "[A]s long as the [district] court amply considered the various factors that determined the reasonableness of the compromise, the court's decision must be affirmed." Id.
 
 
 10
 The district court addressed each of the factors set forth in A & C Properties and determined that the compromise was fair and equitable, and in the best interest of the estate, given the uncertainty of success on the merits and collectibility of any judgment, the complexity of the matter, the certainty of delay and expense to the estate, the absence of available funds, and the unwillingness of the creditor body to finance the litigation.
 
 
 11
 Lannes simply disagrees with the district court's assessment of the case in a number of respects. Nevertheless, it is clear that the experienced district judge was well aware of the facts, understood the nature of antitrust litigation, and was fully cognizant of the attitudes of the creditors.
 
 
 12
 Where, as here, the district court "touched all material bases of [Lannes'] objections, and held directly, expressly or by necessary implication, on every substantial point of contention, the court's approval of the compromise does not constitute an abuse of discretion." A & C Properties, 784 F.2d at 1384. Thus, we must bow to the district judge's determination, as must Lannes.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3